IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MELISSA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO.: |
| | ) | |
| v. | ) | |
| | ) | |
| JAVELIN LEARNING SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### I. NATURE OF THE CLAIMS

PLAINTIFF MELISSA JOHNSON ("PLAINTIFF") asserts claims under: the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, for unlawful interference and retaliation arising from her termination of employment; the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d)(1), for being paid less than similarly situated males; and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* for unpaid overtime compensation, on the grounds set forth below.

### II. JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 216(b).

2. This Court has venue for all causes of action stated herein pursuant to 28 U.S.C § 1391(b)(2) as the acts alleged as a basis for the claims at issue took place within this Court's jurisdictional boundaries.

### III.  PARTIES

3. PLAINTIFF JOHNSON is United States citizen who resides in Atlanta, Fulton County, Georgia, and is a former employee of DEFENDANT who worked in DEFENDANT'S Marietta, Georgia location during the relevant period of this lawsuit.

4. DEFENDANT JAVELIN LEARNING SYSTEMS, INC. ("DEFENDANT") is a corporation doing business within this judicial district and is subject to the jurisdiction of this Court.

5. Throughout the relevant period of this lawsuit, PLAINTIFF was an "eligible employee" within the meaning of 29 U.S.C. § 2601 *et seq.* of the FMLA: she was employed by DEFENDANT for at least 12 months; she was employed for at least 1,250 hours of service during the 12-month period immediately preceding the commencement of the FMLA leave at issue; and she was employed at a worksite where 50 or more employees were employed by DEFENDANT within 75 miles of that worksite.

6. Throughout the relevant period of this lawsuit, DEFENDANT was an "employer" within the meaning of 29 U.S.C. § 2601 *et seq.* of the FMLA: DEFENDANT engaged in commerce or in an industry or activity

affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

7. Throughout the relevant period of this lawsuit, DEFENDANT employed PLAINTIFF as an employee, controlled the job duties of PLAINTIFF, and had the power to hire, fire, and modify the employment conditions of PLAINTIFF, and therefore DEFENDANT was an employer within the meaning of the FLSA and the EPA, 29 U.S.C. § 203(d), and is not exempt under the Act.

8. Throughout the relevant period of this lawsuit, DEFENDANT had employees engaged in commerce and its annual gross volume of sales made was more than $500,000. Therefore, throughout the relevant period of this lawsuit, DEFENDANT was an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

9. Throughout the relevant period of this lawsuit, PLAINTIFF was engaged in commerce and was employed by an enterprise engaged in commerce within the meaning of the FLSA and therefore PLAINTIFF is expressly covered by the protections of the FLSA, 29 U.S.C. § 207(a).

10. In or about 2011, DEFENDANT became affiliated with a company called MEDTECH.

## IV. FACTUAL ALLEGATIONS

11. Throughout the relevant period of this lawsuit, DEFENDANT operated schools that provide vocational training in medical-related and computer-related fields to students who enroll in its programs.

12. Throughout the relevant period of this lawsuit, PLAINTIFF was employed by DEFENDANT as an admissions representative from about April 2010 to about August 2011 at DEFENDANT'S Marietta, Georgia location.

13. Throughout PLAINTIFF'S employment, she was employed by DEFENDANT as an admissions representative the primary duties of which involved responding to telephone and internet inquiries from prospective students, scheduling admissions appointments, and providing information in response to questions.

### *FLSA and EPA Allegations*

14. Throughout PLAINTIFF'S employment, she was paid at an hourly rate.

15. Throughout PLAINTIFF'S employment, she was classified as a non-exempt employee for purposes of the FLSA.

16. Throughout PLAINTIFF'S employment, her primary duties conformed to a very specific standard of conduct that did not involve the exercise of discretion and independent judgment.

17. Throughout PLAINTIFF'S employment, her primary duties did not involve professional, administrative or managerial duties.

18. Throughout PLAINTIFF'S employment, she worked over forty (40) hours per week.

19. Throughout PLAINTIFF'S employment, DEFENDANT was aware of the extra hours PLAINTIFF worked each week in excess of 40 hours: DEFENDANT and DEFENDANT'S managers observed PLAINTIFF working each week in excess of 40 hours; and PLAINTIFF informed DEFENDANT and DEFENDANT'S managers that PLAINTIFF worked each week in excess of 40 hours.

20. Throughout PLAINTIFF'S employment, DEFENDANT did not pay PLAINTIFF overtime compensation for all the work PLAINTIFF performed in excess of 40 hours in a workweek at the rate of one and one-half times PLAINTIFFS' regular hourly rate.

21. For part of the period during her employment, PLAINTIFF used a time keeping system in which she clocked in and out, reflecting the actual hours she worked.  However, DEFENDANT altered PLAINTFF'S time records and failed to pay PLAINTIFF her proper overtime based on the actual hours PLAINTIFF stated she worked in the time keeping system.

22. For part of the period during her employment, PLAINTIFF was directed by her supervisors to clock in and clock out according to

PLAINTIFF'S 40-hour per week schedule, despite the fact that PLAINTIFF worked overtime during those occasions, of which DEFENDANT was aware. On those occasions when DEFENDANT directed PLAINTIFF to clock in and clock out according to a 40-hour per week schedule, PLAINTIFF did as she was directed and, despite DEFENDANT knowing that PLAINTIFF worked more than 40 hours per week on those occasions, PLAINTIFF was not paid her proper overtime for all hours worked over 40 in a workweek.

23. For part of the period during her employment, PLAINTIFF was directed to clock out of the time-keeping system by her supervisors after PLAINTIFF had already worked more than an eight-hour day. On those occasions, PLAINTIFF clocked out as she was directed by her supervisors; however, with her supervisors' knowledge, PLAINTIFF continued working but was not paid for all hours worked after clocking out of the timekeeping system at her supervisors' direction.

24. There were infrequent occasions when PLAINTIFF received overtime compensation; however, when she was paid overtime on those infrequent occasions, the amount she was paid was far less than the amount she should have been paid.

25. There were infrequent occasions when DEFENDANT paid other admissions representatives overtime compensation; however, on those infrequent occasions when DEFENDANT paid other admissions

representatives overtime compensation, the amount the admissions representatives were paid was far less than the amount they should have been paid.

26.     On numerous occasions during PLAINTIFF'S employment, PLAINTIFF complained to DEFENDANT that she was not being paid proper overtime compensation for all the work she performed in excess of 40 hours in a workweek at the rate of one and one-half times PLAINTIFF'S regular hourly rate.  However, despite PLAINTIFF'S complaints to DEFENDANT about this improper practice, DEFENDANT refused to correct the improper practice, and the improper practice continued with respect to PLAINTIFF.

27.     During PLAINTIFF'S employment, DEFENDANT paid a higher rate of pay to male employees who worked at PLAINTIFF'S location and who performed the job duties of admissions representative.

28.     Those male employees who worked as admissions representatives and who were paid a higher rate of pay than PLAINITFF performed the identical job duties as PLAINTIFF.

29.     Those male employees who worked as admissions representatives and who were paid a higher rate of pay than PLAINITFF performed job duties that required the same skill, effort and responsibility as those job duties performed by PLAINTIFF, and performed those job duties under the same working conditions as those under which PLAINTIFF worked.

### ***FMLA Allegations***

30.     In approximately April 2011 while PLAINTIFF was performing her job duties at DEFENDANT'S Marietta location, she suffered a back injury.  Subsequently, and as a result of the back injury, PLAINTIFF received medical treatment on numerous occasions from numerous health care providers.

31.     At all relevant times, the back injury suffered by PLAINTIFF constituted a serious health condition within the meaning of the FMLA because it involved a period of incapacity of more than three consecutive days, involved treatment two or more times by a health care provider and involved treatment by a health care provider on at least one occasion which resulted in a regimen of continuing treatment under the supervision of the health care provider.  *See* 29 C.F.R. §§ 825.113; 825.115(a)(1)(2).

32.     On or about April 19, 2011, PLAINTIFF took FMLA leave from DEFENDANT arising from her back injury until on or about June 16, 2011, and which leave DEFENDANT approved.

33.     On or about June 16, 2011, PLAINTIFF returned to work for DEFENDANT until on or about July 18, 2011.

34.     On or about July 18, 2011, PLAINIFFF again took FMLA leave from DEFENDANT arising from her back injury, and which leave DEFENDANT approved.

35. On or about August 1, 2011, PLAINTIFF informed DEFENDANT that she was released to return to work by her physician and that she intended to return to work. On or about August 4, 2011, DEFENDANT contacted PLAINTIFF by telephone and informed her that she would be terminated based on a reduction-in-force.

36. On or about August 5, 2011, PLAINTIFF received a letter from DEFENDANT stating DEFENDANT'S decision to "eliminate" her position as an admissions representative. However, PLAINTIFF'S position was not eliminated. DEFENDANT filled PLAINTIFF'S position with another individual. And subsequently, DEFENDANT hired additional individuals to perform the admissions representative position.

### *Allegations As To Lack Of Good Faith and Willful Conduct*

37. Throughout PLAINTIFF'S employment, there is no evidence that the conduct of DEFENDANT with respect to PLAINTIFF'S claims under the FMLA, EPA and FLSA was in good faith and based on reasonable grounds for believing that its conduct did not violate the FMLA, EPA and FLSA.

38. Throughout PLAINTIFF'S employment, DEFENDANT knowingly, intentionally and willfully violated the FLSA and EPA by failing to pay PLAINTIFF the overtime compensation to which she was entitled, and by failing to pay her the same rate of pay as similarly situated male employees.

## VI.  CLAIMS

### *Count 1 – 29 U.S.C. § 207*
**(Overtime Compensation Due Under the FLSA)**

39. PLAINTIFF re-alleges paragraphs 1-29, 37-38, above and incorporate them by reference as if fully set forth herein.

40. By engaging in the above-described conduct, DEFENDANT JAVELIN LEARNING SYSTEMS, INC. violated the FLSA with respect to PLAINTIFF.

41. By engaging in the above-described conduct, DEFENDANT JAVELIN LEARNING SYSTEMS, INC. knowingly, intentionally and willfully violated the FLSA with respect to PLAINTIFF.

42. Throughout the relevant period of this lawsuit, there is no evidence that the conduct of DEFENDANT JAVELIN LEARNING SYSTEMS, INC. that gave rise to this action was in good faith and based on reasonable grounds for believing that its conduct did not violate the FLSA.

43. As a direct and proximate result of the above-described conduct, PLAINTIFF has lost wages.

44. Said violations give rise to claims for relief under the FLSA for PLAINTIFF for past due overtime compensation for three years prior to the filing of this Complaint, prejudgment interest, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief

and reasonable attorney's fees and expenses of litigation, pursuant to 29 U.S.C. § 201 *et seq.*

### Count 2 – 29 U.S.C. § 206(d)(1)
**(Violation Under the Equal Pay Act)**

45. PLAINTIFF re-alleges paragraphs 1-29, 37-38, above and incorporate them by reference as if fully set forth herein.

46. By engaging in the above-described conduct, DEFENDANT JAVELIN LEARNING SYSTEMS, INC. violated the EPA with respect to PLAINTIFF.

47. By engaging in the above-described conduct, DEFENDANT JAVELIN LEARNING SYSTEMS, INC. knowingly, intentionally and willfully violated the EPA with respect to PLAINTIFF.

48. Throughout the relevant period of this lawsuit, there is no evidence that the conduct of DEFENDANT JAVELIN LEARNING SYSTEMS, INC. that gave rise to this action was in good faith and based on reasonable grounds for believing that its conduct did not violate the EPA.

49. As a direct and proximate result of the above-described conduct, PLAINTIFF has lost wages.

50. Said violations give rise to claims for relief under the EPA for PLAINTIFF for unpaid compensation for three years prior to the filing of this Complaint, prejudgment and post-judgment interest, liquidated damages in

an amount equal to the unpaid compensation, declaratory and injunctive relief and reasonable attorney's fees and expenses of litigation, pursuant to 29 U.S.C. § 201 *et seq*.

### *Count 3 – 29 U.S.C. § 2601 et seq*.
**(Interference With Substantive FMLA Rights in Violation of the FMLA)**

51.     PLAINTIFF re-alleges paragraphs 1-13, 30-37, above and incorporate them by reference as if fully set forth herein.

52.     By engaging in the above-described conduct, DEFENDANT JAVELIN LEARNING SYSTEMS, INC. violated the FMLA with respect to PLAINTIFF.

53.     DEFENDANT interfered with PLAINTIFF'S substantive FMLA rights in failing to restore her to her position after she properly notified DEFENDANT that she required FMLA leave for a serious health condition.

54.     Throughout the relevant period of this lawsuit, there is no evidence that the conduct of DEFENDANT JAVELIN LEARNING SYSTEMS, INC. that gave rise to this action was in good faith and based on reasonable grounds for believing that its conduct did not violate the FMLA.

55.     As a direct and proximate result of the above-described conduct, PLAINTIFF has lost compensation and benefits.

56.     Said violations give rise to claims for relief under the FMLA for PLAINTIFF for unpaid compensation and benefits, prejudgment and post-

judgment interest, liquidated damages in an amount equal to the unpaid compensation and benefits, declaratory and injunctive relief and reasonable attorney's fees and expenses of litigation, pursuant to 29 U.S.C. § 2601 *et seq*.

### *Count 4 – 29 U.S.C. § 2601 et seq*.
**(Retaliation in Violation of the FMLA)**

57. PLAINTIFF re-alleges paragraphs 1-13, 30-37, above and incorporate them by reference as if fully set forth herein.

58. By engaging in the above-described conduct, DEFENDANT JAVELIN LEARNING SYSTEMS, INC. violated the FMLA with respect to PLAINTIFF.

59. DEFENDANT retaliated against PLAINTIFF in failing to restore her to her position after she properly notified DEFENDANT that she required FMLA leave for a serious health condition.

60. Throughout the relevant period of this lawsuit, there is no evidence that the conduct of DEFENDANT JAVELIN LEARNING SYSTEMS, INC. that gave rise to this action was in good faith and based on reasonable grounds for believing that its conduct did not violate the FMLA.

61. As a direct and proximate result of the above-described conduct, PLAINTIFF has lost compensation and benefits.

62. Said violations give rise to claims for relief under the FMLA for PLAINTIFF for unpaid compensation and benefits, prejudgment and post-

judgment interest, liquidated damages in an amount equal to the unpaid compensation and benefits, declaratory and injunctive relief and reasonable attorney's fees and expenses of litigation, pursuant to 29 U.S.C. § 2601 *et seq*.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully pray that this Court do the following:

1. Issue a declaratory judgment that DEFENDANT JAVELIN LEARNING SYSTEMS, INC. has engaged in unlawful employment practices in violation of the FMLA, EPA and FLSA with respect to PLAINTIFF;

2. Require DEFENDANT JAVELIN LEARNING SYSTEMS, INC. to pay PLAINTIFF for past due overtime compensation under the FLSA calculated at one and one-half times the proper normal rate that PLAINTIFF would have received but for unlawful conduct going back three (3) years from the date this Complaint was filed;

3. Require DEFENDANT JAVELIN LEARNING SYSTEMS, INC. to pay PLAINTIFF for past due compensation that PLAINTIFF would have received but for unlawful conduct under the FMLA and EPA;

4. Require DEFENDANT JAVELIN LEARNING SYSTEMS, INC. to pay PLAINTIFF liquidated damages as provided for under the FLSA, EPA and FMLA, as well as applicable prejudgment and post-judgment interest;

5. Award PLAINTIFF her reasonable attorney's fees and costs and expenses of suit arising from DEFENDANT'S violations under the FMLA, EPA and FLSA;

6. Permit a trial by jury on all issues so triable; and

7. Provide such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

**PLAINTIFF hereby demands a jury trial on all claims for which she has a right to a jury.**

*s/ Alan H. Garber*
Alan H. Garber
Georgia Bar No. 283840
Marc N. Garber
Georgia Bar No. 283847
THE GARBER LAW FIRM, P.C.
Suite 14, 4994 Lower Roswell  Road
Marietta, GA  30068
(678) 560-6685
(678) 560-5067 (facsimile)

**COUNSEL FOR PLAINTIFF**